**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**

**INFORMAL BRIEF**

No. 13-1695 Stella Andrews v Americaq's Living Centers, LLC
1:10-cv-00257-MR-DLH

RECEIVED
2013 AUG 29 AM 9:58
U.S. COURT OF APPEALS
FOURTH CIRCUIT

1. **Jurisdiction**

A. United States District Court for the Western District of North Carolina, Asheville Division, Civil Action No. 1:10-cv-257-MR-DLH, pursuant to 28 U.S.C. § 1291.

B. Order on Plaintiff's Motion for Disallowance of Defendants' Bill of Costs (Dkt. 50, May 1, 2013) and Notice of Appeal (Dkt. 51, May 29, 2013).

2. **Timeliness of Appeal**

Not applicable.

3. **Issues for Review**

**Issue 1.**

Does Fed. R. Civ. P., Rule 41(d), permit imposition of attorney fees and expenses as costs in this case, requiring plaintiff to pay a sanction to defendants before proceeding on the merits, and if so, what is the standard the district court should apply?

**Supporting Facts and Argument.**

The district court in accordance with this court's remand, see, Andrews v America's Living Centers, LLC, No. 11-2372 (appeal dismissed as interlocutory (Dkt. 43, p. 4) and remanded (Dkt. 44-1)), entered its final order regarding

defendants' request for attorney fees and expenses as costs under Fed. R. Civ. P. 41(d) awarding defendants $13,403.75.

This order stayed all proceedings in the court below until plaintiff pays this sanction. This is a final order from which plaintiff has the right to take an immediate appeal. Digital Equipment Corp. v. Desktop Direct, Inc., 511 U.S. 863 (1994). The Digital court stated:

> The collateral order doctrine is best understood not as an exception to the "final decision" rule laid down by Congress in § 1291, but as a "practical construction" of it. We have repeatedly held that the statute entitles a party to appeal not only from a district court decision that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment," but also from a narrow class of decisions that do not terminate the litigation, but must, in the interest of "achieving a healthy legal system," nonetheless be treated as "final." The latter category comprises only those district court decisions that are conclusive, that resolve important questions completely separate from the merits, and that would render such important questions effectively unreviewable on appeal from final judgment in the underlying action. Immediate appeals from such orders, we have explained, do not go against the grain of § 1291, with its object of efficient administration of justice in the federal courts.

Id. at 867. (citations omitted).

The effect of the district court's ruling is to stay or prevent plaintiff and a class of similarly situated persons from litigating their FLSA claims until plaintiff pays the court-ordered sanction of $13,403.57.

Plaintiff originally brought her action seeking unpaid minimum wage and overtime compensation for herself and a collective class of similarly situated

individuals in Stella Andrews v America's Living Centers, LLC, and Kenneth Hodges, Civil Action No. 1:10 cv 114 (W. Dist. NC, Asheville Div.). Defendants' filed a Rule 12(b)(6) motion based on plaintiff's alleged insufficient pleadings. At the hearing on the motion, the court expressed concern about the sufficiency of the complaint filed by plaintiff's counsel under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and indicated that it was inclined to grant defendants' motion. The court and counsel discussed as an alternative plaintiff's right to dismiss their action without prejudice and file a revised complaint.

Following these discussions, plaintiff made the decision to take a voluntarily dismissal, which the court granted during the hearing. Approximately two weeks thereafter, the court entered its order dismissing the case and plaintiffs immediately refiled the present action, from which this appeal has been taken, alleging the same facts, parties and law as the prior case, but with more detailed pleadings and adding additional defendants alleged to be controlled by defendant Hodges.

In response to the refiled complaint, defendants sought attorney fees from the original filing as costs, pursuant to Rule 41(d). The district court granted defendants' motion for attorney fees and to stay proceedings under Rule 41(d), affirming the prior ruling to the same effect by the Magistrate Judge. This terminated the current proceedings until plaintiff paid a portion of defendants'

legal fees from the prior action. Plaintiff appealed but the appeal was dismissed as interlocutory and returned to the district court.

The district court awarded attorney fees under the plain language of the rule, although no forum shopping or vexatious conduct was alleged or, in fact, had occurred. The district court recognized that the awarding of attorney fees under the rule was an unsettled question, but nonetheless ordered plaintiff to pay defendants' attorney fees from the prior litigation and stayed all proceedings until such payment was made.

There is no general basis to award attorney fees under Rule 41(d) in the districts of North Carolina. For a district court to do so, there must be a clear evidentiary basis that plaintiff engaged in forum shopping or vexatious conduct so offensive that such conduct would be sanctionable under the federal trial rules. Here, plaintiff did neither.

A. Proceedings before the Magistrate Judge

The Magistrate incorrectly ruled that the decision to impose costs is a matter of discretion for the court and that a showing of bad faith is not required. The Magistrate Judge cited a split on the issue of attorney fees as costs even within the districts of North Carolina, citing Lawson v. Toney, 169 F. Supp. 2d 456, 466 (M.D. N.C. 2001) (attorney fees in Rule 41(d) context not available because no

express allowance of such) and Katen v. Katen, No. 97-CV-275, 1998 WL 721092 (E.D. N.C. March 4, 1998) (attorney fees allowed).

The Magistrate Judge also relied upon Siepel v. Bank of America, N.A., 239 F.R.D. 558 (E.D. Mo. 2006) and Cadle Co. v. Beury, 242 F.R.D. 695 (S.D. Ga. 2007) to support his ruling that attorney fees should be imposed upon plaintiff as costs under Rule 41(d). What is conspicuously absent from his ruling is a discussion regarding the underlying policy reasons as to why those courts which have imposed the severe sanction of attorney fees under Rule 41(d) have done so.

Cadle, for example, is easily distinguishable from this case. There, plaintiff brought a deficiency suit in Texas state court for the difference owed on three promissory notes he had acquired from the defendant and the amount the property sold for after foreclosure. Cadle, 242 F.R.D. at 696. After fifteen months of litigation, over $40,000.00 in attorney fees, a two and one-half hour hearing on a statute of limitations issue, plaintiff dismissed the Texas cause of action and refiled in the Southern District of Georgia to collect damages based on two of the three original notes. Id. As a result, defendants sought attorney fees under Rule 41(d) for the costs of the Texas state court cause of action. Id.

In finding that Rule 41(d) allows for attorney fees as costs, the Cadle court stated:

> If Rule 41(d) is ambiguous, then it "shall be construed and administered to secure the just, speedy, and inexpensive determination

> of every action." F.R.Civ.P. 1 (emphasis added). Rule 41(d) promotes the just, speedy and inexpensive determination of every action by deterring plaintiffs from changing forums mid-litigation and forcing a new court to start from scratch, thus wasting litigant expense and judicial resources.

242 F.R.D. at 698.

Here, there is no evidence that plaintiff "chang(ed) forums mid-litigation and forc(ed) a new court to start from scratch, thus wasting litigant expense and judicial resources." Prior to the voluntary dismissal , plaintiff offered to amend its original complaint, setting forth additional facts and documents, leaving no doubt that had plaintiff been granted leave to amend in her initial lawsuit (Civil Action No. 1:10-cv-114, Docs. 28, 29, 29-1), defendants would not have refiled a dismissal motion. (see, also, plaintiff's response to defendants' motion to dismiss, Docs. 18-0, 18-1, 18-2, 18-3, 18-4, 19). See, Philips v Pitt County Memorial Hospital, 572 F.3d 176, 180 (4th Cir. 2009).

Siepel is also easily distinguishable. Siepel dealt with allegations by present and former beneficiaries of trusts and other financial accounts that Bank of America, "wrongly transferred fiduciary account assets from common trust funds to Nations Funds, charged greater fees and misrepresented that the Bank provided individualized fund management." Id. at 561. Other allegations pertaining to Bank of America's disclosures and representations were also made.

In finding that attorney fees under Rule 41(d) were appropriate, the Siepel court stated:

> The record provides ample evidence that Plaintiffs are forum shopping. Plaintiffs' counsel began filing lawsuits against the Bank four years ago seeking to certify a nationwide class to challenge the practices at issue in this litigation. They filed five cases in four states prior to commencing this action. Three were voluntarily dismissed just before the class certification deadline. Two were dismissed because the plaintiffs failed to plead the amount-in-controversy requirements. The record shows that Plaintiffs have filed numerous cases, voluntarily dismissed them in order to avoid court-imposed deadlines and unfavorable rulings, and reasserted the dismissed claims in this case.

Id. at 564. (emphasis supplied). None of this clearly vexatious conduct is present here.

Plaintiff here did not forum shop since the case was refiled in the same court that granted the dismissal, even though the case could have been refiled with a different plaintiff in the Charlotte Division. Hence, the Magistrate Judge must have been relying upon vexatious conduct on the part of plaintiff's counsel.

"[T]he purpose of Rule 41(d) [is] to prevent the maintenance of vexatious lawsuits and to secure, where such suits are shown to have been brought repetitively, payment of costs of prior instances of such vexatious conduct . . . ." Andrew Meyer Designs, L.L.C. v. Hassan, No. 06-1085, 2006 WL 2251703, *2 (E.D. Pa. August 4, 2006). "Costs under Fed.R.Civ.P.41(d) are appropriate when the plaintiff acts with vexatious intent or in an attempt to gain any tactical

advantage by dismissing and refiling this suit." Robinson v. Nelson, No. 98-10802, 1999 WL 95720 (D. Mass. February 18, 1999).

"On the other hand, as a general rule, courts may refuse to require payment of costs if it appears that there was a good reason for the dismissal of the prior action . . . ." Id. "It is appropriate to award attorneys' fees as part of a cost award under Rule 41(d) only if necessary to deter vexatious and repetitive litigation and where the plaintiff has refiled the same previously dismissed suit in bad faith." Shaker Village Condominium Assoc., Inc. v. Certain Underwriters at Lloyds, No. 08-61935, 2009 WL 2835185, *2 (S.D. Fla. September 1, 2009).

Throughout the case law surrounding Rule 41(d) litigation, the term vexatious is often used, but no definition provided or even discussed. However, 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Associated case law surrounding this issue is instructive.

In Cruz v. Savage, 896 F.2d 626, 632 (1st Cir. 1990), the court found that "[b]ehavior is vexatious when it is harassing or annoying, regardless of whether it is intended to be so. * * * It is enough that an attorney acts in disregard of whether

his conduct constitutes harassment or vexation, thus displaying a serious and studious disregard for the orderly process of justice."

Plaintiff here admitted that she dismissed the first lawsuit when faced with the court's announced intention that it was inclined to grant defendants' 12(b)(6) motion. The district court's perceived defect in plaintiff's original complaint was not based on any misleading allegations, misstatements of law, but was merely due to the enhanced pleading requirements of Twombly. The issue was not that plaintiff could not allege sufficient facts to satisfy Twombly, but that she did not, at least in the view of the Magistrate.

Interestingly, the federal rules would have allowed these very changes to the original complaint as a matter of right, under Rule 15(a), however, both lead and prior local counsel were unaware of the recent amendment to Rule 15(a), that an amended complaint could be filed once without leave of the court. Had plaintiff done so, defendants could not have made any claim for attorney fees for filing their Rule 12(b)(6) motion, nor would Rule 41(d) be implicated.

Here, the plaintiff's counsel's conduct was entirely proper attorney conduct that occurs every day in the federal courts. It does not rise anywhere near the level of conduct relied upon by the Magistrate Judge in his citation to Siepel and its five previous lawsuits, three of which were dismissed just prior to the class certification deadline. Compare, Wishneske v Old Republic Insurance Company,

No. 5:06-cv-148, 2006 WL 4764424 (M.D. Fla. October 10, 2006), which factually and procedurally is strikingly similar here. There the court observed:

> In finding that costs under Rule 41(d) include attorney's fees, the *Esquivel* court first addressed the "American Rule" which recognizes "that, absent express statutory authority, bad faith or wilful (*sic*) disobedience of a court order, each party should bear the costs of its own attorneys' fees." The *Esquivel* court then proceeded one step further and proposed applying the "bad faith" exception to Rule 41(d) costs where a party has incurred unnecessary expenditures due to vexatious conduct in the course of litigation.
>
> The Court finds highly instructive the reasoning of the *Esquivel* court. The Court agrees that the plain language of Rule 41(d) is permissive, and allows the Court to award costs, as well as attorney's fees, in its discretion. Moreover, consistent with *Esquivel,* <u>the Court concludes that the Court should exercise its discretion to award attorney's fees as part of a cost award under Rule 41(d) only if necessary to deter vexatious and repetitive litigation and where the plaintiff has refiled the same previously dismissed suit in bad faith</u>.
>
> <u>That is not the situation in this case. Here, there is no showing that Plaintiff acted in bad faith in refiling the case or that Plaintiff's claims were refiled for any vexatious purpose. To the contrary, it is undisputed no discovery had been taken in the case previously filed and dismissed in the Southern District of Florida nor had there been any substantial motion practice initiated by the Plaintiff</u>. Notably, the case was dismissed just one month after Plaintiff filed the complaint. For these reasons, the Court concludes that there is <u>a complete absence of any showing of bad faith or vexatious conduct on the part of the Plaintiff when he dismissed the first action and refiled the claim</u> in Lake County.

<u>Id</u>. at **3-4. (emphasis supplied) (citations omitted).

Plaintiffs' counsel here obviously are not forum shopping and have conducted themselves in accordance with the highest standards of ethical conduct

and candor that this court deserves and requires. However, the district court found *sua sponte* that the mere refiling of the original action was vexatious litigation. The district court made this conclusory finding, in spite of the fact that the Magistrate Judge had not expressly done so, and in spite of the fact that there was no evidentiary basis placed before the Magistrate Judge to support the district court's finding.

At the hearing on defendants' motion to dismiss in the original action, plaintiff voluntarily dismissed only after there was extended discussion between the Magistrate Judge and counsel, concerning the options open to the court and the parties. The Magistrate Judge said plaintiff could dismiss and refile, while at the same time denied defendants' request for attorney fees.

> THE COURT: If I allow the plaintiff's motion to amend the complaint, that's going to moot the motion to dismiss. I can't give you fees. I may be wrong. I'm going to look that up, but my knowledge of the law about attorney's fees is there has to be a specific statute that allows such, unless it's under inherent power or authority of the Court. I don't know that we're going to get there with this. I've never seen attorney's fees granted on a 12(b)(6) motion or a motion to amend, more particularly a motion to amend. That's going to make -- if you object to that, your standard that you would have to meet, Mr. Parsons, would be higher.
>
> * * * * *
>
> Now, the plaintiff has this option. The plaintiff right now, since an answer -- all we've got is a motion to dismiss and a motion to amend. The plaintiff could take a dismissal right now. The plaintiff has been the one that has incurred the costs so far in this, which are the filing fee and the service fee. <u>The plaintiff would then be free to file whatever complaint that the plaintiff might wish to seek, which might</u>

> help solve all the problems of the plaintiff. I don't know if it will resolve any of the defendant, but at least there would be a complaint that would meet -- hopefully, a complaint that would meet the standards of Iqbal and Twombly. Now, the standards are much higher than what they used to be, at least in federal court, and so I've got those three alternatives.
>
> * * * * *
>
> Plaintiff can just stand up and say, I want to take a dismissal, that's fine; plaintiff can be free to file another complaint or I rule on the motion to amend. Depending on the ruling in that, I can then -- whether it's futile or not, I can then -- which you all don't no know and I don't know which way that will go. You'd then go on to the motion to dismiss, which I can tell you right now I would do an M&R recommending dismissal.

Aplt. A. at 114-16. (emphasis supplied).

In this colloquy there was no hint from the court that the court would in any manner view a dismissal and re-filing by the plaintiff as vexatious or in bad faith. In addition, the court clearly opined, prior to the decision by plaintiff to dismiss, that the only party to have incurred any "costs" if, in fact, plaintiff did dismiss and refile, was plaintiff. Counsel for the plaintiff clearly had this discussion by the court in mind when they announced they would take such a dismissal.

B. District Court's Affirmation of the Magistrate Judge's Order

As set out above, the district court improperly found plaintiff's conduct "vexatious" based on the mere dismissal and re-filing of the modified complaint. As with the Magistrate's Order, the cases cited by the district court in support of its holding are inapplicable because the conduct of plaintiffs in those cases greatly

varies from here where plaintiff merely dismissed and refiled before the case left the pleading stage. See, Wishneski v. Old Republic Ins. Co., 2006 U.S. Dist. LEXIS 73793, 2006 WL 4764424, at *4 (M.D. Fla. 2006) (declining to award attorneys' fees as costs under Rule 41(d) where there was no (*sic*) a complete absence of any "showing of bad faith or vexatious conduct", and where "no discovery had taken place in the case previously filed and dismissed . . . nor had there been any substantial motion practice in the case.").

For example, the plaintiff in Loubier had commenced five separate actions, Meredith involved a *pro se* plaintiff whose complaint had severe flaws, *i. e.*, lack of subject matter jurisdiction, insufficiency of service of process, based on frivolous, conclusory allegations, Mathis, not a Rule 41(d) case, involved a *pro se* plaintiff who brought five separate lawsuits in an abuse of the judicial process, and Groom involved gratuitous forum shopping by a huge class of plaintiffs. An examination of the other cases cited by the district court will show they are similarly inapposite.

In contrast, plaintiff here filed one original complaint that, according to the Magistrate Judge, may have fallen short of the heightened Twombly standard. After an in court discussion where the Magistrate Judge clearly indicated that a remedy for this perceived defect was to dismiss and refile pursuant to Rule 41, plaintiff did so. There was no bad faith. There was no forum shopping. There

was no improper purpose. The only purpose was to adequately represent a class of plaintiffs who are being denied their rightfully earned wages and overtime compensation. That is not vexatious conduct.

Lastly, the district court asserted that plaintiff's motive may be considered, citing Loubier v. Modern Acoustics, Inc., 178 F.R.D. 17, 22-23 (D. Conn. 1998). While this is permissible, the inquiry always returns to a plaintiff engaging in forum shopping or vexatious litigation. In Wason Ranch Corp. v. Hecla Mining Co., Civil Action No. 07-cv-00267, 2008 U.S. Dist. LEXIS 25425 (D. Colo. March 31, 2008), in relying upon Loubier, the court stated that:

> Although no showing of bad faith is required before costs may be imposed on the plaintiff under Rule 41(d), the plaintiff's motive in dismissing the prior action may be taken into account. *See Loubier v. Modern Acoustics, Inc.,* 178 F.R.D. 17, 22-23 (D. Conn. 1998); *also see Esquivel v. Arau,* 913 F. Supp. 1382, 1386 (C.D. Cal. 1996) (quoting *Simeone v. First Bank Nat'l Ass'n,* 971 F.2d 103, 108 [8th Cir. 1992]) (stating that Rule 41[d] is "intended to serve as a deterrent to forum shopping and vexatious litigation.").

Id. at 47. (emphasis supplied).

In this appeal, it is clear that plaintiff's conduct could not be considered to be vexatious. Actions that would be considered vexatious must be egregious and worthy of sanctions. The mere fact that plaintiff chose to voluntarily dismiss her case, in the face of the Magistrate Judge's warnings of dismissal and a possible M&R so stating, then to refile to cure a pleading defect, cannot in any way be considered vexatious. When compared to the cases cited by the Magistrate Judge

and district court, plaintiff's conduct nowhere rises near the level of such behavior exhibited in those cases.

As for the alternate justification of forum shopping to escape unfavorable rulings and avoid deadlines, as cited in cases relied upon by the Magistrate Judge and the district court, plaintiff voluntarily refiled her FLSA action in the same District and, indeed, even the same Division.

Since plaintiffs have not participated in any conduct that could even remotely rise to the vexatious level cited and relied upon by the Magistrate Judge and district court, and since plaintiffs refiling of the same case in the same District and Division is clearly not forum shopping to avoid adverse rulings or deadlines, as the cases relied upon by the Magistrate Judge and district court demonstrate, plaintiff respectfully requests this court to overturn those prior rulings requiring payment of defendant's attorney fees (including billed time to defend the merits) and allow this case to proceed on the merits.

If plaintiff's conduct gives rise to attorney fees under Rule 41(d), then every voluntary dismissal and refiling will be sanctionable under this rule.  Had plaintiff chosen to accept a court ruling, incurring additional judicial resources, which assuming *arguendo* would have been a 12(b)(6) dismissal under Twombly, plaintiff had the right to refile her complaint satisfying Twombly, which she did

after the voluntary dismissal.  The scenario occurs every day in the American legal landscape.

**Issue 2.**

Did the district court abuse its discretion in awarding any attorney fees to defendants, where defendants failed to comply with controlling authority when seeking an award of attorney fees and expenses?

**Supporting Facts and Argument.**

A.    The District Court Allowed Costs Specifically Disallowed
      By its Own Policies on Costs.

The Bill of Costs Handbook, adopted February 10, 2003, for the United States District Court for the Western District of North Carolina specifically does not permit recovery as "costs" of attorney fees, computerized legal research, paralegal expenses, long-distance phone calls and fax charges.  (see, § VI A, C, D, H, p. 12).

Exhibit "A" to plaintiff's motion for disallowance of costs, sets out claims for computerized legal research, paralegal expenses, long-distance phone calls and fax charges, each highlighted in pink,  that are not chargeable as costs.  These are summarized below:

Travel time

Subsection (A), at 10/20/10

Travel expenses

Subsection (A), at 10/21/10, Mileage                                    287.00

x$0.50
$143.50

Paralegal fees[1]

Subsection (D):

06/24/10, VGK Drafted motion for extension of time to answer and proposed order, telephone conference with clerk's office regarding same0.75

09/27/10, VGK, Final review of reply brief, file and transmittal to client.0.50

Computerized legal research charges

Subsection (C):

| | | |
|---|---|---|
| 06/28/10 | Legal Research – Westlaw or Other, 1.0 | $ 60.36 |
| 06/29/10 | Legal Research – Westlaw or Other, 1.0 | $ 44.77 |
| 07/14/10 | Legal Research – Westlaw or Other, 1.0 | $334.42 |
| 07/26/10 | Legal Research – Westlaw or Other, 1.0 | $ 25.05 |
| 07/27/10 | Legal Research – Westlaw or Other, 1.0 | $ 86.94 |
| 07/28/10 | Legal Research – Westlaw or Other, 1.0 | $101.10 |
| 10/31/10 | Legal Research – Westlaw or Other, 1.0 | $197.86 |

None of these charges are properly recoverable.

B. Attorney Fees Must Be Itemized in Detail for Meaningful Review.

Defendants have failed to itemize an overwhelming amount of attorney fee time they wish this court to award as costs. Defendants have the burden of properly keeping a record of attorney time by segregating the attorney fees incurred in "filing the motion to dismiss, preparing for the hearing, and attending the hearing on this motion." Gries v Zimmer, Inc., 795 F. Supp. 1379 (WD NC

[1] Paralegal fees were billed at $95.00 per hour.

1992):

> These are just two examples of numerous entries which do not identify the time spent on **attorneys' fees** (Parson's filing the motion to dismiss, preparing for the hearing, and attending the hearing on the motion) and the time spent on other matters included in the entry.
>
> Because the burden is on the party seeking the fee **award** to establish the reasonableness of the **hours** spent, *Hensley, [v. Eckerhart]*, 461 U.S. [424] at 437, 103 S.Ct. [1933] at 1941, 76 L.Ed.2d 40 (1983)], where it is necessary for the court to approximate because of counsel's **inadequate** record-keeping we consider it just so to do in favor of the party contesting the fee **award**. *Cf. id Spell v. McDaniel,* 852 F.2d 762 at 768 (4th Cir.1988).

Id. at 1387-88. (parenthetical supplied) (emphasis in original). See, also, Spell v. McDaniel, 852 F.2d 762, 770 (4th Cir. 1988) (discussing "counsel's failure to 'make a good faith effort to exclude ... hours that are excessive, redundant, or otherwise unnecessary,' (not involving filing the motion to dismiss, preparing for the hearing, and attending the motion hearing) makes it impossible specifically to pinpoint the exact hours which particular attorneys reasonably gave to particular tasks."). (parenthetical supplied) (citation omitted).

Here, Defendant did not itemized and segregated the attorney fee time for legal issues in the prior case involving the dismissal motion to dismiss, save and except for a few specific entries shown on their bill of costs. Further many matters which are sufficiently itemized, *i. e.*, meetings with client, legal research regarding FLSA exemptions and defenses, are not only separate and apart from the dismissal

motion in the prior case, but will be applicable to trial proceedings in this on remand case.

The district court recognized that Defendant failed not only to comply with this Circuit's requirement of proper segregation of attorney time, but also the order of the Magistrate Judge to limit submission of time only relevant to briefing his Motion to Dismiss, preparing for and attending the hearing thereon. The district court found that:

> The Magistrate Judge limited the award of attorney's fees to those fees incurred in briefing the motion to dismiss, preparing for the hearing thereon and attending that hearing. That ruling was upheld by the undersigned on reconsideration. Despite that explicit limitation, the Defendants have submitted a Bill of Costs which includes all time spent by their attorneys in connection with the prior case in its entirety. The Plaintiff correctly objected.

(Dkt. 50, p. 4). (emphasis supplied & citations omitted). Yet, despite this clear failure of the Defendant to present only those attorney fees as specified by the Magistrate, the district court took it upon itself to do Defendants' work and made an independent segregation of what the court believed to be responsive to the Magistrate Judge's order.

The district court then held that the Plaintiff had not properly supported its calculation of those fees recoverable by the Defendants under the Magistrate's criteria, although Plaintiff had absolutely no obligation to do so, stating:

> The Court notes that in her motion to disallow, the Plaintiff claims the total of attorney's fees and costs should be limited to $7,000.00. [Doc.

> 48]. The memorandum of law submitted in support of that motion in no manner explains how the Plaintiff arrived at that figure and it is rejected based on the Court's review of the time records for attorney's services.

(Id. at 5). This finding is incorrect. Plaintiff did explain how, in the alternative, the court should view Defendants' time sheets by providing explicit color coding on Defendant's invoices,[2] and referencing and explaining the coding in her memorandum. (See, Dkts. 49-0, 49-1). For some reason, the district court rejected Plaintiff's detailed analysis of the claimed fees, yet allowed Defendants' submission which not only violated the express instructions of Magistrate Judge Howell; but did not comply with 4th Circuit controlling law on attorney fee submissions and the Western District's handbook on chargeable costs. The wrong party was sanctioned,[3] it should have been Defendant for failing to abide by the Magistrate Judge's order to limit his time claimed to briefing defendants' motion to dismiss and for failing to follow 4th Circuit precedent by not properly segregating and itemizing attorney time.[4]

---

[2] Defendant's attorney's time sheets.

[3] That is to say, Defendant's motion under Rule 41(d) should have been denied as a sanction.

[4] Besides not following the Magistrate Judge's order, defendant did not even respond to Plaintiff's motion to disallow costs (Dkt. 49-0), which pointed out the glaring deficiencies under this Circuit's authority to segregate attorney time, and limit the time to the motion to dismiss, preparation for and the hearing thereon, again, a fact recognized by the district court, yet this failure was not enough to warrant summary denial of Defendant's motion to stay under Rule 41(d). See, Dkt. 50. p. 4 ("The Defendants have not responded to [plaintiff's] motion [to deny the Bill of Costs"]).

Further, because the district court did not itemize those fees it considered allowable under the Magistrate's criteria (Dkt. 50), it is impossible to determine which entries the court considered allowable. Plaintiff and this court are left with guessing as to what specific fees were covered by the district court's order.

For this reason, if this court allows attorney fees to be imposed in this case, Plaintiff urges this court, in reviewing the district court's Order, to re-examine the actual amount of attorney fees awarded by the district court. Defendants' motion to dismiss was based upon Twombly[5] which deals with the sufficiency of Plaintiff's complaint as pled and filed. Defendants' legal research regarding FLSA exemptions, defenses and regulatory matters go to the merits of Plaintiff's claim and will be the same issues in this case.

Thus, the attorney time highlighted in yellow on Exhibit "A" (Dkt. 49-1) is not recoverable as time spent on issues involving the dismissal motion. Or such time entries are not sufficiently detailed or segregated to permit a determination if such time were properly chargeable to the dismissal motion. For example, Parsons' entry of October 20, 2010 for seven hours of billable time is based upon travel time from Charlotte to Asheville and conference with client that are not recoverable under the Handbook as well as this court's prior ruling.

---

[5] Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)

4.    **Relief Requested**

This court should reverse the order of the district court and remand this matter for the court to deny Defendants' motion for stay, pursuant to Fed. R. Civ. P. 41(d), and order Defendant to answer or otherwise respond to Plaintiff's complaint.

Plaintiff should be permitted to proceed with her FLSA collective action claims in the district court, unimpeded by defendant's claim for a Rule 41(d) stay until "costs" are paid.

5.    **Prior Appeals**

Andrews v America's Living Centers, LLC, No. 11-2372 (4th Cir. Ct. of App.), dismissed as interlocutory (Dkt. 43, p. 4) and remanded (Dkt. 44-1) to the United States District Court for the Western District of N. Carolina.

Plaintiff has not filed other cases in this court.

**ERON LAW, P.A.**

Joseph H. Cassell, *pro hac vice*
229 E. William, Suite 100
Wichita, Kansas 67202
Telephone: (316) 262-5500
Facsimile: (316) 262-5559
e-mail: jhcassell@eronlaw.net

**ADAMS HENDON CARSON
CROW & SAENGER, P.A.**

s/John C. Hunter

John C. Hunter
NC Bar No.: 13197
72 Patton Avenue
Asheville, N. Carolina 28801
Telephone: 828-252-7381
Fax: 828-252-5018
e-mail: jhunter@adamsfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2013, I mailed a copy of the above and

foregoing Appellant's Informal Brief by first class mail as follows:

Kenneth Hodges
P.O. Box 1051
Flat Rock, North Carolina 28731
Defendant, *pro se*

and the original and one copy by Federal Express to:

Clerk of the
U. S. Court of Appeals, Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

Joseph H. Cassell



Insert airbill here

**FedEx**®

For FedEx Express® Sh

**FedEx** Express NEW Package US Airbill

FedEx Tracking Number 8000 4186 1761

7:30 PA

1 **From**
Date 8/28/13
Sender's Name Joseph H. Cosgrove Phone 316 262 5500
Company Eron Law PA
Address 229 E. William Suite 100 Dept./Floor/Suite/Room
City Wichita State KS ZIP 67202

2 **Your Internal Billing Reference** Andrews v Hodges

3 **To**
Recipient's Name Clerk Phone
Company US Court of Appeals 4th Cir
Address 1100 E. Main Suite 501 Dept./Floor/Suite/Room
We cannot deliver to P.O. boxes or P.O. ZIP codes.
01 ☐ HOLD Weekday FedEx location address REQUIRED. NOT available for FedEx First Overnight.
Address
Use this line for the HOLD location address or for continuation of your shipping address.
31 ☐ HOLD Saturday FedEx location address REQUIRED. Available ONLY for FedEx Priority Overnight and FedEx 2Day to select locations.
City Richmond State VA ZIP 23219

8000 4186 1760

fedex.com 1.800.GoFedEx 1.800.463.3339

FedEx TRK# 0200 8000 4186 1760

THU – 29 AUG 10:30A
PRIORITY OVERNIGHT

XH GVEA

23219
VA-US
RIC

AUG 29 2013

Emp# 668469 28AUG13 ICTA 519C1/09B9/93AB

06 ☑ FedEx First Overnight — Earliest next business morning delivery to select locations. Friday shipments will be delivered on Monday unless SATURDAY Delivery is selected.
01 ☐ FedEx Priority Overnight — Next business morning.* Friday shipments will be delivered on Monday unless SATURDAY Delivery is selected.
05 ☐ FedEx Standard Overnight — Next business afternoon.* Saturday Delivery NOT available.

2 or 3 Business Days
49 ☐ NEW FedEx 2Day A.M. — Second business morning.* Saturday Delivery NOT available.
03 ☐ FedEx 2Day — Second business afternoon.* Thursday shipments will be delivered on Monday unless SATURDAY Delivery is selected.
20 ☐ FedEx Express Saver — Third business day.* Saturday Delivery NOT available.

5 **Packaging** *Declared value limit $500.
06 ☑ FedEx Envelope* 02 ☐ FedEx Pak* 03 ☐ FedEx Box 04 ☐ FedEx Tube 01 ☐ Other

6 **Special Handling and Delivery Signature Options**
03 ☐ **SATURDAY DELIVERY**
☑ No Signature Required — Package may be left without obtaining a signature for delivery.
10 ☐ Direct Signature — Someone at recipient's address may sign for delivery. *Fee applies.*
34 ☐ Indirect Signature — If no one is available at recipient's address, someone at a neighboring address may sign for delivery. For residential deliveries only. *Fee applies.*

**Does this shipment contain dangerous goods?**
One box must be checked.
☑ No 04 ☐ Yes As per attached Shipper's Declaration. ☐ Yes Shipper's Declaration not required. 06 ☐ Dry Ice Dry Ice, 9, UN 1845 ___ x ___ kg
Dangerous goods (including dry ice) cannot be shipped in FedEx packaging or placed in a FedEx Express Drop Box.
☐ Cargo Aircraft Only

7 **Payment** *Bill to:*
Enter FedEx Acct. No. or Credit Card No. below.
1 ☐ Sender Acct. No. in Section 1 will be billed. 2 ☐ Recipient 3 ☐ Third Party 4 ☐ Credit Card 5 ☐ Ca
Total Packages Total Weight lbs. Credit Card Auth.

†Our liability is limited to $100 unless you declare a higher value. See the current FedEx Service Guide for details.

612

Rev. Date 11/10 • Part #163136 • ©1994–2010 FedEx • PRINTED IN U.S.A. SRY

fedex.com 1.800.GoFedEx

RT 116 FZ

3

A
1760
08.29