RECORD NO. 13-1695

In The
# United States Court of Appeals
### For The Fourth Circuit

**STELLA ANDREWS**
**Individually and on behalf of similarly situated persons,**

*Plaintiff – Appellant,*

**v.**

**AMERICA'S LIVING CENTERS, LLC, a for profit limited liability corporation, organized under the laws of the State of North Carolina; and AMERICA'S LIVING CENTERS, LLC, d/b/a CAROLINA LIVING CENTER; and AMERICA'S LIVING CENTERS, LLC, d/b/a CAROLINA LIVING CENTER #1; and AMERICA'S LIVING CENTERS, LLC, d/b/a ZION HILL LIVING CENTER; and AMERICA'S LIVING CENTERS, LLC, d/b/a GOLDEN HARVEST LIVING CENTER #1; and AMERICA'S LIVING CENTERS, LLC, d/b/a GOLDEN HARVEST LIVING CENTER #2; and AMERICA'S LIVING CENTERS, LLC, d/b/a UNION MILLS LIVING CENTER #1; and AMERICA'S LIVING CENTERS, LLC, d/b/a UNION MILLS LIVING CENTER #2; and AMERICA'S LIVING CENTERS, LLC, d/b/a UNION MILLS LIVING CENTER #3; and AMERICA'S LIVING CENTERS, LLC, d/b/a FOUR SEASONS FAMILY CARE HOME; and AMERICA'S LIVING CENTERS, LLC, d/b/a TRANSYLVANIA LIVING CENTER; and KENNETH HODGES, individually and as member/manager of America's Living Centers, LLC, and owner and/or manager of CAROLINA LIVING CENTERS; CAROLINA LIVING CENTER #1; GOLDEN HARVEST LIVING CENTER #1; GOLDEN HARVEST LIVING CENTER #2; UNION MILLS LIVING CENTER #1; UNION MILLS LIVING CENTER #2; UNION MILLS LIVING CENTER #3; FOUR SEASONS FAMILY CARE HOME; and TRANSYLVANIA LIVING CENTER**

*Defendants – Appellees.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CALOLINA AT ASHEVILLE**

---

**BRIEF OF APPELLANT**

---

| | |
|---|---|
| **Joseph H. Cassell** | **John C. Hunter** |
| **ERON LAW, P.A.** | **ADAMS HENDON CARSON CROW & SAENGER, P.A.** |
| **229 E William, Suite 100** | **72 Patton Avenue** |
| **Wichita, Kansas 67202** | **Asheville, North Carolina 28801** |
| **(316) 262-5500** | **(828) 252-7381** |
| | |
| *Counsel for Appellant* | *Counsel for Appellant* |

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Only one form needs to be completed for a party even if the party is represented by more than one attorney.  Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case.  Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.  Counsel has a continuing duty to update this information.

No. 13-1695          Caption: Andrews v America's Living Centers, LLC

Pursuant to FRAP 26.1 and Local Rule 26.1,

Stella D. Andrews
(name of party/amicus)

who is _____appellant_____, makes the following disclosure:
       (appellant/appellee/amicus)

1.    Is party/amicus a publicly held corporation or other publicly held entity?   ☐ YES ☑ NO

2.    Does party/amicus have any parent corporations?                              ☐ YES ☑ NO
      If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                                        ☐ YES ☑ NO
      If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☐ YES ☑ NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question)  ☐ YES ☑ NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?  ☐ YES ☑ NO
    If yes, identify any trustee and the members of any creditors' committee:

## CERTIFICATE OF SERVICE

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

I certify that on  November 18, 2014  the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Kenneth Hodges
P.O. Box 1051
Flat Rock, North Carolina 28731

s/Joseph H. Cassell                          11/19/2014
(signature)                                      (date)

- 2 -

11/17/2011
SCC

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................ ii

STATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION ............................................................ 1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ......................................2

STATEMENT OF THE CASE ..............................................................3

       Statement of  Facts..............................................................4

SUMMARY OF THE ARGUMENT . ....................................................5

ARGUMENT ......................................................................... 6

       Standard of Review ........................................................ 6

       Discussion of Issues........................................................ 6

CONCLUSION .......................................................................24

REQUEST FOR ORAL ARGUMENT ................................................26

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

Andrew Meyer Designs, L.L.C. v. Hassan,
No. 06-1085, 2006 WL 2251703 (E.D. Pa. Aug. 4, 2006) .......................................9

Bell Atlantic Corp. v. Twombly,
*550 U.S. 544 (2007)*............................................................. 3, 11, 14, 16, 18, 23, 25

Cadle Co. v. Beury,
242 F.R.D. 695 (S.D. Ga. 2007) ............................................................... 7

Cruz v. Savage,
896 F.2d 626 (1st Cir. 1990) ...............................................................10

Digital Equipment Corp. v. Desktop Direct, Inc.,
511 U.S. 863 (1994)................................................................................2

Ford Motor Credit Co. v Dobbins,
35 F.3d 860, 865 (4th Cir. 1994).................................................................6

Groom v. Bank of America, et al.,
No. 08-cv-2567-T-27EAJ (D.E. 129),
2010 U.S. Dist. LEXIS 16082 (M.D. Fla. Feb. 22, 2010) .......................................15

Katen v. Katen,
No. 97-CV-275, 1998 WL 721092 (E.D. N.C. Mar. 4, 1998)................................. 7

Lawson v. Toney,
169 F. Supp. 2d 456 (M.D. N.C. 2001) ..................................................................6

Loubier v. Modern Acoustics, Inc.,
178 F.R.D. 17 (D. Conn. 1998) .................................................................... 15, 16

Mathis v. AT&T/SBC Communication, et al.,
No. 2:10-cv-1090, 2011 U.S. Dist. 43752 (S.D. Ohio April 21, 2011)...................15

Meredith v. Stovall,
216 F.3d 1087 (10th Cir. 2000) ............................................................ 15

Philips v. Pitt County Memorial Hospital,
572 F.3d 176 (4th Cir. 2009) ................................................................8

Robinson v. Nelson,
No. 98-10802, 1999 WL 95720 (D. Mass. Feb. 18, 1999)..................................... 10

Shaker Village Condominium Assoc., Inc. v.
Certain Underwriters at Lloyds,
No. 08-61935, 2009 WL 2835185 (S.D. Fla. Sept. 1, 2009) ...................................10

Siepel v. Bank of America, N.A.,
239 F.R.D. 558 (E.D. Mo. 2006) ............................................................. 7, 8, 9, 11

Simeone v. First Bank Nat'l Ass'n,
971 F.2d 103 (8th Cir. 1992) ................................................................ 16

TM, LLC v. Anderson,
No. 2:11-CV-00071-FL, 2012 WL 4483180 (E.D. NC, Sept. 27, 2012) .................6

United States v Linney,
134 F.3d 274, 282 (4th Cir. 1998)...........................................................6

Wason Ranch Corp. v. Hecla Mining Co.,
No. 07-cv-00267,
2008 U.S. Dist. LEXIS 25425 (D. Colo. Mar. 31, 2008) ......................................16

Wishneske v. Old Republic Insurance Company,
No. 5:06-cv-148, 2006 WL 4764424 (M.D. Fla. Oct. 10, 2006)............................11

## **STATUTES**

28 U.S.C. § 1291 ............................................................................1, 2

28 U.S.C. § 1331 ............................................................................1

28 U.S.C. § 1927 ............................................................................10

28 U.S.C. §636(b)(1)(A)..................................................................2

29 U.S.C. § 201, *et seq*..................................................................1

29 U.S.C. § 216(b) .........................................................................1

## **RULES**

Fed. R. Civ. P. 12(b)(6).......................................................*passim*

Fed. R. Civ. P. 15(a) .......................................................................11

Fed. R. Civ. P. 41(d) .......................................................*passim*

## STATEMENT OF SUBJECT MATTER AND
## APPELLATE JURISDICTION

This is an original action filed by Stella Andrews against America's Living Centers, LLC, *et al.*, for unpaid minimum wages and overtime compensation, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), the United States District Court for the Western District of North Carolina, Asheville Division, had jurisdiction over her complaint.

The district court in accordance with this Court's remand order, see, Andrews v America's Living Centers, LLC, No. 11-2372 (4th Cir. 2013) (appeal dismissed as interlocutory (Dkt. 43, p. 5)[1] and remanded (Dkt. 44-1)), entered its final order regarding defendants' request for attorney fees and expenses as costs under Fed. R. Civ. P. 41(d) awarding defendants $13,403.75.

The district court entered its Order on Plaintiff's Motion for Disallowance of Defendants' Bill of Costs (Aplt. A. at 170) on May 1, 2013. Plaintiff filed her Notice of Appeal on May 29, 2013. (Aplt. A. at 176). Jurisdiction is conferred on this Court, pursuant to 28 U.S.C. § 1291.

---

[1] Here, where the district court has yet to determine even the amount of costs to be awarded, the question is not conclusively determined, and the order undoubtedly remains interlocutory and unappealable. Accordingly, we dismiss the appeal for lack of jurisdiction.

The district court's order stayed all proceedings in the court below until

plaintiff pays this sanction.  This is a final order from which plaintiff has the right

to take an immediate appeal, as well as pursuant to this Court's remand order.

(Aplt. A. at 294).  See, also, Digital Equipment Corp. v. Desktop Direct, Inc., 511

U.S. 863 (1994).  The Digital court stated:

> The collateral order doctrine is best understood not as an exception to
> the "final decision" rule laid down by Congress in § 1291, but as a
> "practical construction" of it.  We have repeatedly held that the statute
> entitles a party to appeal not only from a district court decision that
> "ends the litigation on the merits and leaves nothing more for the
> court to do but execute the judgment," but also from a narrow class of
> decisions that do not terminate the litigation, but must, in the interest
> of "achieving a healthy legal system," nonetheless be treated as
> "final." The latter category comprises only those district court
> decisions that are conclusive, that resolve important questions
> completely separate from the merits, and that would render such
> important questions effectively unreviewable on appeal from final
> judgment in the underlying action. Immediate appeals from such
> orders, we have explained, do not go against the grain of § 1291, with
> its object of efficient administration of justice in the federal courts.

Id. at 867.  (citations omitted).

The effect of the district court's ruling is to stay or enjoin[2] plaintiff and a

class of similarly situated persons from litigating their FLSA claims until plaintiff

pays the court-ordered sanction of $13,403.57.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

The issues presented for review in this appeal are:

---

[2]  See, 28 U.S.C. § 636(b)(1)(A).

2

1.      Does Fed. R. Civ. P., Rule 41(d), permit imposition of attorney fees and expenses as costs in this case, requiring plaintiff to pay a sanction to defendants before proceeding on the merits, and if so, what is the standard the district court should apply?

2.      Did the district court abuse its discretion in awarding any attorney fees to defendants, where defendants failed to comply with controlling authority and the orders of the district court when seeking an award of attorney fees and expenses?

## STATEMENT OF THE CASE

Plaintiff originally brought her action seeking unpaid minimum wage and overtime compensation for herself and a collective class of similarly situated individuals in Stella Andrews v America's Living Centers, LLC, and Kenneth Hodges, Civil Action No. 1:10 cv 114 (W. Dist. NC, Asheville Div.).  Defendants filed a Rule 12(b)(6) motion based on plaintiff's alleged insufficient pleadings.  At the hearing on the motion, the court expressed concern about the sufficiency of the complaint filed by plaintiff's counsel under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and indicated that it was inclined to grant defendants' motion. The court and counsel discussed as an alternative plaintiff's right to dismiss their action without prejudice and file a revised complaint.

Following these discussions, plaintiff made the decision to take a voluntarily dismissal, which the court granted during the hearing. Approximately two weeks thereafter, the court entered its order dismissing the case and plaintiffs immediately refiled the present action, from which this appeal has been taken, alleging the same facts, parties and law as the prior case, but with more detailed pleadings and adding additional defendants alleged to be controlled by defendant Hodges.

In response to the re-filed complaint, defendants sought attorney fees from the original filing as costs, pursuant to Rule 41(d). The district court granted defendants' motion for attorney fees and to stay proceedings under Rule 41(d), affirming the prior ruling to the same effect by the Magistrate Judge. This terminated the current proceedings until plaintiff paid a portion of defendants' legal fees from the prior action. Plaintiff appealed but the appeal was dismissed as interlocutory and returned to the district court.

### Statement of the Facts

Plaintiff filed her original collective action under the FLSA seeking damages for minimum wages and overtime compensation. That action was voluntarily dismissed. Thereafter, plaintiff refiled her collective action against the original defendants alleging additional facts and joining additional defendants controlled by Hodges. Aplt. A. at 11.

Defendants moved to stay all proceedings pursuant to Rule 41(d), Aplt. A. at 35, which was granted first by the Magistrate, Aplt. A. at 56, then affirmed by the district court, Aplt. A. at 79. This terminated the current proceedings until plaintiff paid a portion of defendants' legal fees from the prior action.

After remand from this Court, the district court over plaintiff's objections entered an order, Aplt. A. at 134, requiring plaintiff to pay a monetary sanction of $13,403.75. Plaintiff timely appealed this order on two grounds, namely, the award of any monetary sanction was contrary to law, and if not, the award was an abuse of discretion by the district court.

## SUMMARY OF THE ARGUMENT

The primary issue presented is whether the district court can impose attorney fees upon plaintiff under Rule 41(d) for simply refiling her collective action after a voluntary dismissal. The district court awarded attorney fees under the plain language of the rule as a component of statutory "costs," although no forum shopping or vexatious conduct was alleged or, in fact, had occurred. The district court recognized that the awarding of attorney fees under the rule was an unsettled question, but nonetheless ordered plaintiff to pay defendants' attorney fees from the prior litigation and stayed all proceedings until such payment was made.

There is no basis to award attorney fees as statutory costs under Rule 41(d) in the districts of North Carolina.

# ARGUMENT

## Standard of Review

This is an appeal from the district court's statutory interpretation of Fed. R. Civ. P., Rule 41(d); therefore, the standard of review is *de novo*.  <u>United States v. Linney</u>, 134 F.3d 274, 282 (4th Cir. 1998) (stating that issues of statutory construction are reviewed *de novo* ); <u>Ford Motor Credit Co. v. Dobbins</u>, 35 F.3d 860, 865 (4th Cir. 1994).  Whether to award costs properly allowable under Rule 41(d) is within the sound discretion of the trial court.  <u>TM, LLC v Anderson</u>, No. 2:11–CV–00071–FL, 2012 WL 4483180 (E.D. NC, Sept. 27, 2012).

## Discussion of Issues

**Issue 1.**    **Does Fed. R. Civ. P., Rule 41(d), permit imposition of attorney fees and expenses as costs in this case, requiring plaintiff to pay a sanction to defendants before proceeding on the merits, and if so, what is the standard the district court should apply?**

A.    <u>Proceedings before the Magistrate Judge</u>

The Magistrate incorrectly ruled that the decision to impose costs is a matter of discretion for the court and that a showing of bad faith is not required.  The Magistrate Judge cited a split on the issue of attorney fees as costs even within the districts of North Carolina, citing <u>Lawson v. Toney</u>, 169 F. Supp. 2d 456, 466 (M.D. N.C. 2001) (attorney fees in Rule 41(d) context not available because no

6

express allowance of such) and <u>Katen v. Katen</u>, No. 97-CV-275, 1998 WL 721092 (E.D. N.C. March 4, 1998) (attorney fees allowed).

The Magistrate Judge also relied upon <u>Siepel v. Bank of America, N.A.</u>, 239 F.R.D. 558 (E.D. Mo. 2006) and <u>Cadle Co. v. Beury</u>, 242 F.R.D. 695 (S.D. Ga. 2007) to support his ruling that attorney fees should be imposed upon plaintiff as costs under Rule 41(d). What is conspicuously absent from his ruling is a discussion regarding the underlying policy reasons as to why those courts which have imposed the severe sanction of attorney fees under Rule 41(d) have done so.

<u>Cadle</u>, for example, is easily distinguishable from this case. There, plaintiff brought a deficiency suit in Texas state court for the difference owed on three promissory notes he had acquired from the defendant and the amount the property sold for after foreclosure. <u>Cadle</u>, 242 F.R.D. at 696. After fifteen months of litigation, over $40,000.00 in attorney fees, a two and one-half hour hearing on a statute of limitations issue, plaintiff dismissed the Texas cause of action and refiled in the Southern District of Georgia to collect damages based on two of the three original notes. <u>Id</u>. As a result, defendants sought attorney fees under Rule 41(d) for the costs of the Texas state court cause of action. <u>Id</u>.

In finding that Rule 41(d) allows for attorney fees as costs, the <u>Cadle</u> court stated:

> If Rule 41(d) is ambiguous, then it "shall be construed and administered to secure the just, speedy, and inexpensive determination

7

of every action." F.R.Civ.P. 1 (emphasis added). Rule 41(d) promotes the just, speedy and inexpensive determination of every action by deterring plaintiffs from changing forums mid-litigation and forcing a new court to start from scratch, thus wasting litigant expense and judicial resources.

242 F.R.D. at 698.

Here, there is no evidence that plaintiff "chang(ed) forums mid-litigation and forc(ed) a new court to start from scratch, thus wasting litigant expense and judicial resources." Prior to the voluntary dismissal , plaintiff offered to amend its original complaint, setting forth additional facts and documents, leaving no doubt that had plaintiff been granted leave to amend in her initial lawsuit (Civil Action No. 1:10-cv-114, Docs. 28, 29, 29-1), defendants would not have refiled a dismissal motion. (see, also, plaintiff's response to defendants' motion to dismiss, Docs. 18-0, 18-1, 18-2, 18-3, 18-4, 19). See, Philips v Pitt County Memorial Hospital, 572 F.3d 176, 180 (4th Cir. 2009).

Siepel is also easily distinguishable. Siepel dealt with allegations by present and former beneficiaries of trusts and other financial accounts that Bank of America, "wrongly transferred fiduciary account assets from common trust funds to Nations Funds, charged greater fees and misrepresented that the Bank provided individualized fund management." Id. at 561. Other allegations pertaining to Bank of America's disclosures and representations were also made.

In finding that attorney fees under Rule 41(d) were appropriate, the <u>Siepel</u> court stated:

> The record provides ample evidence that <u>Plaintiffs</u> <u>are</u> <u>forum</u> <u>shopping</u>. Plaintiffs' counsel began filing lawsuits against the Bank four years ago seeking to certify a nationwide class to challenge the practices at issue in this litigation. They filed <u>five</u> <u>cases</u> <u>in</u> <u>four</u> <u>states</u> <u>prior</u> <u>to</u> <u>commencing</u> <u>this</u> <u>action</u>. <u>Three</u> were <u>voluntarily</u> <u>dismissed</u> <u>just</u> <u>before</u> <u>the</u> <u>class</u> <u>certification</u> <u>deadline</u>. <u>Two</u> <u>were</u> <u>dismissed</u> <u>because</u> <u>the</u> <u>plaintiffs</u> <u>failed</u> <u>to</u> <u>plead</u> <u>the</u> <u>amount-in-controversy</u> <u>requirements</u>. <u>The</u> <u>record</u> <u>shows</u> <u>that</u> <u>Plaintiffs</u> <u>have</u> <u>filed</u> <u>numerous</u> <u>cases,</u> <u>voluntarily</u> <u>dismissed</u> <u>them</u> <u>in</u> <u>order</u> <u>to</u> <u>avoid</u> <u>court-imposed</u> <u>deadlines</u> <u>and</u> <u>unfavorable</u> <u>rulings,</u> <u>and</u> <u>reasserted</u> <u>the</u> <u>dismissed</u> <u>claims</u> <u>in</u> <u>this</u> <u>case</u>.

<u>Id.</u> at 564. (emphasis supplied). None of this clearly vexatious conduct is present here.

Plaintiff here did not forum shop since the case was refiled in the same court that granted the dismissal, even though the case could have been refiled with a different plaintiff in the Charlotte Division. Hence, the Magistrate Judge must have been relying upon vexatious conduct on the part of plaintiff's counsel.

"[T]he purpose of Rule 41(d) [is] to prevent the maintenance of vexatious lawsuits and to secure, where such suits are shown to have been brought repetitively, payment of costs of prior instances of such vexatious conduct . . . ." <u>Andrew Meyer Designs, L.L.C. v. Hassan</u>, No. 06-1085, 2006 WL 2251703, *2 (E.D. Pa. August 4, 2006). "Costs under Fed.R.Civ.P.41(d) are appropriate when the plaintiff acts with vexatious intent or in an attempt to gain any tactical

9

advantage by dismissing and refiling this suit." <u>Robinson v. Nelson</u>, No. 98-10802, 1999 WL 95720 (D. Mass. February 18, 1999).

"On the other hand, as a general rule, courts may refuse to require payment of costs if it appears that there was a good reason for the dismissal of the prior action . . . ." <u>Id</u>. "It is appropriate to award attorneys' fees as part of a cost award under Rule 41(d) only if necessary to deter vexatious and repetitive litigation and where the plaintiff has refiled the same previously dismissed suit in bad faith." <u>Shaker Village Condominium Assoc., Inc. v. Certain Underwriters at Lloyds</u>, No. 08-61935, 2009 WL 2835185, *2 (S.D. Fla. September 1, 2009).

Throughout the case law surrounding Rule 41(d) litigation, the term vexatious is often used, but no definition provided or even discussed. However, 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Associated case law surrounding this issue is instructive.

In <u>Cruz v. Savage</u>, 896 F.2d 626, 632 (1st Cir. 1990), the court found that "[b]ehavior is vexatious when it is harassing or annoying, regardless of whether it is intended to be so.  * * *  It is enough that an attorney acts in disregard of

10

whether his conduct constitutes harassment or vexation, thus displaying a serious and studious disregard for the orderly process of justice."

Plaintiff here admitted that she dismissed the first lawsuit when faced with the court's announced intention that it was inclined to grant defendants' 12(b)(6) motion. The district court's perceived defect in plaintiff's original complaint was not based on any misleading allegations, misstatements of law, but was merely due to the enhanced pleading requirements of <u>Twombly</u>. The issue was not that plaintiff could not allege sufficient facts to satisfy <u>Twombly</u>, but that she did not, at least in the view of the Magistrate.

Interestingly, the federal rules would have allowed these very changes to the original complaint as a matter of right, under Rule 15(a), however, both lead and prior local counsel were unaware of the recent amendment to Rule 15(a), that an amended complaint could be filed once without leave of the court. Had plaintiff done so, defendants could not have made any claim for attorney fees for filing their Rule 12(b)(6) motion, nor would Rule 41(d) be implicated.

Here, the plaintiff's counsel's conduct was entirely proper attorney conduct that occurs every day in the federal courts. It does not rise anywhere near the level of conduct relied upon by the Magistrate Judge in his citation to <u>Siepel</u> and its five previous lawsuits, three of which were dismissed just prior to the class certification deadline. Compare, <u>Wishneske v Old Republic Insurance Company</u>,

No. 5:06-cv-148, 2006 WL 4764424 (M.D. Fla. October 10, 2006), which factually

and procedurally is strikingly similar here.  There the court observed:

> In finding that costs under Rule 41(d) include attorney's fees, the
> *Esquivel* court first addressed the "American Rule" which recognizes
> "that, absent express statutory authority, bad faith or wilful (*sic*)
> disobedience of a court order, each party should bear the costs of its
> own attorneys' fees." The *Esquivel* court then proceeded one step
> further and proposed applying the "bad faith" exception to Rule 41(d)
> costs where a party has incurred unnecessary expenditures due to
> vexatious conduct in the course of litigation.
>
> The Court finds highly instructive the reasoning of the *Esquivel* court.
> The Court agrees that the plain language of Rule 41(d) is permissive,
> and allows the Court to award costs, as well as attorney's fees, in its
> discretion. Moreover, consistent with *Esquivel,* the Court concludes
> that the Court should exercise its discretion to award attorney's fees as
> part of a cost award under Rule 41(d) only if necessary to deter
> vexatious and repetitive litigation and where the plaintiff has refiled
> the same previously dismissed suit in bad faith.
>
> That is not the situation in this case. Here, there is no showing that
> Plaintiff acted in bad faith in refiling the case or that Plaintiff's claims
> were refiled for any vexatious purpose. To the contrary, it is
> undisputed no discovery had been taken in the case previously filed
> and dismissed in the Southern District of Florida nor had there been
> any substantial motion practice initiated by the Plaintiff. Notably, the
> case was dismissed just one month after Plaintiff filed the complaint.
> For these reasons, the Court concludes that there is a complete
> absence of any showing of bad faith or vexatious conduct on the part
> of the Plaintiff when he dismissed the first action and refiled the claim
> in Lake County.

Id. at **3-4.  (emphasis supplied) (citations omitted).

Plaintiffs' counsel here obviously are not forum shopping and have

conducted themselves in accordance with the highest standards of ethical conduct

and candor that this court deserves and requires.  However, the district court found *sua sponte* that the mere refiling of the original action was vexatious litigation. The district court made this conclusory finding, in spite of the fact that the Magistrate Judge had not expressly done so, and in spite of the fact that there was no evidentiary basis placed before the Magistrate Judge to support the district court's finding.

At the hearing on defendants' motion to dismiss in the original action, plaintiff voluntarily dismissed only after there was extended discussion between the Magistrate Judge and counsel, concerning the options open to the court and the parties.  The Magistrate Judge said plaintiff could dismiss and refile, while at the same time denied defendants' request for attorney fees.

> THE COURT: If I allow the plaintiff's motion to amend the complaint, that's going to moot the motion to dismiss. I can't give you fees. I may be wrong. I'm going to look that up, but my knowledge of the law about attorney's fees is there has to be a specific statute that allows such, unless it's under inherent power or authority of the Court. I don't know that we're going to get there with this. I've never seen attorney's fees granted on a 12(b)(6) motion or a motion to amend, more particularly a motion to amend. That's going to make -- if you object to that, your standard that you would have to meet, Mr. Parsons, would be higher.

> * * * * *

> Now, the plaintiff has this option. The plaintiff right now, since an answer -- all we've got is a motion to dismiss and a motion to amend. The plaintiff could take a dismissal right now. The plaintiff has been the one that has incurred the costs so far in this, which are the filing fee and the service fee. <u>The plaintiff would then be free to file whatever complaint that the plaintiff might wish to seek, which might</u>

13

<u>help</u> <u>solve</u> <u>all</u> <u>the</u> <u>problems</u> <u>of</u> <u>the</u> <u>plaintiff</u>**.** I don't know if it will resolve any of the defendant, but at least there would be a complaint that would meet -- hopefully, a complaint that would meet the standards of Iqbal and Twombly. Now, the standards are much higher than what they used to be, at least in federal court, and so I've got those three alternatives.

* * * * *

<u>Plaintiff</u> <u>can</u> <u>just</u> <u>stand</u> <u>up</u> <u>and</u> <u>say,</u> <u>I</u> <u>want</u> <u>to</u> <u>take</u> <u>a</u> <u>dismissal,</u> <u>that's</u> <u>fine;</u> <u>plaintiff</u> <u>can</u> <u>be</u> <u>free</u> <u>to</u> <u>file</u> <u>another</u> <u>complaint</u> or I rule on the motion to amend. Depending on the ruling in that, I can then -- whether it's futile or not, I can then -- which you all don't no know and I don't know which way that will go.  You'd then go on to the motion to dismiss, which I can tell you right now I would do an M&R recommending dismissal.

Aplt. A. at 128-30.  (emphasis supplied).

In this colloquy there was no hint from the court that the court would in any manner view a dismissal and re-filing by the plaintiff as vexatious or in bad faith. In addition, the court clearly opined, prior to the decision by plaintiff to dismiss, that the only party to have incurred any "costs" if, in fact, plaintiff did dismiss and refile, was plaintiff.  Counsel for the plaintiff clearly had this discussion by the court in mind when they announced they would take such a dismissal.

### B.    <u>District Court's Affirmation of the Magistrate Judge's Order</u>

As set out above, the district court improperly found plaintiff's conduct "vexatious" based on the mere dismissal and re-filing of the modified complaint. As with the Magistrate's Order, the cases cited by the district court in support of its holding are inapplicable because the conduct of plaintiffs in those cases greatly

14

varies from here where plaintiff merely dismissed and refiled before the case left the pleading stage.  See, <u>Wishneski v. Old Republic Ins. Co.</u>, 2006 U.S. Dist. LEXIS 73793, 2006 WL 4764424, at *4 (M.D. Fla. 2006) (declining to award attorneys' fees as costs under Rule 41(d) where there was no (*sic*) a complete absence of any "showing of bad faith or vexatious conduct", and where "no discovery had taken place in the case previously filed and dismissed . . . nor had there been any substantial motion practice in the case.").

For example, in (i) <u>Loubier v. Modern Acoustics, Inc.</u>, 178 F.R.D. 17 (D. Conn. 1998) plaintiff had commenced five separate actions, (ii) <u>Meredith v. Stovall</u>, 216 F.3d 1087 (10th Cir. 2000), involved a *pro se* plaintiff whose complaint had severe flaws, *i. e.*, lack of subject matter jurisdiction, insufficiency of service of process, based on frivolous, conclusory allegations, (iii) <u>Mathis v. AT&T/SBC Communication</u>, No. 2:10-cv-1090, 2011 U.S. Dist. 43752 (S.D. Ohio, April 21, 2011), not a Rule 41(d) case, involved a *pro se* plaintiff who brought five separate lawsuits in an abuse of the judicial process, and (iv) <u>Groom v. Bank of America</u>, No. 08-cv-2567-T-27EAJ (D.E. 129), 2010 U.S. Dist. LEXIS 16082 (M.D. Fla., Feb. 22, 2010), involved gratuitous forum shopping by a huge class of plaintiffs.  An examination of the other cases cited by the district court will show they are similarly inapposite.

In contrast, plaintiff here filed one original complaint that, according to the Magistrate Judge, may have fallen short of the heightened <u>Twombly</u> standard. After an in court discussion where the Magistrate Judge clearly indicated that a remedy for this perceived defect was to dismiss and refile pursuant to Rule 41, plaintiff did so.  There was no bad faith.  There was no forum shopping.  There was no improper purpose.  The only purpose was to adequately represent a class of plaintiffs who are being denied their rightfully earned wages and overtime compensation.  That is not vexatious conduct.

Lastly, the district court asserted that plaintiff's motive may be considered, citing <u>Loubier</u>, *supra* at 22-23.  While this is permissible, the inquiry always returns to a plaintiff engaging in forum shopping or vexatious litigation.  In <u>Wason Ranch Corp. v. Hecla Mining Co.</u>, Civil Action No. 07-cv-00267, 2008 U.S. Dist. LEXIS 25425 (D. Colo. March 31, 2008), in relying upon <u>Loubier</u>, the court stated that:

> Although no showing of bad faith is required before costs may be imposed on the plaintiff under Rule 41(d), the plaintiff's motive in dismissing the prior action may be taken into account.  *See Loubier v. Modern Acoustics, Inc.,* 178 F.R.D. 17, 22-23 (D. Conn. 1998); *also see Esquivel v. Arau,* 913 F. Supp. 1382, 1386 (C.D. Cal. 1996) (quoting *Simeone v. First Bank Nat'l Ass'n,* 971 F.2d 103, 108 [8th Cir. 1992]) (stating that Rule 41[d] is "<u>intended</u> <u>to</u> <u>serve</u> <u>as</u> <u>a</u> <u>deterrent</u> <u>to</u> <u>forum</u> <u>shopping</u> <u>and</u> <u>vexatious</u> <u>litigation</u>.").

<u>Id</u>. at 47.  (emphasis supplied).

In this appeal, it is clear that plaintiff's conduct could not be considered to be vexatious. Actions that would be considered vexatious must be egregious and worthy of sanctions. The mere fact that plaintiff chose to voluntarily dismiss her case, in the face of the Magistrate Judge's warnings of dismissal and a possible M&R so stating, then to refile to cure a pleading defect, cannot in any way be considered vexatious. When compared to the cases cited by the Magistrate Judge and district court, plaintiff's conduct nowhere rises near the level of such behavior exhibited in those cases.

As for the alternate justification of forum shopping to escape unfavorable rulings and avoid deadlines, as cited in cases relied upon by the Magistrate Judge and the district court, plaintiff voluntarily refiled her FLSA action in the same District and, indeed, even in the same Division.

Since plaintiffs have not participated in any conduct that could even remotely rise to the vexatious level cited and relied upon by the Magistrate Judge and district court, and since plaintiffs refiling of the same case in the same District and Division is clearly not forum shopping to avoid adverse rulings or deadlines, as the cases relied upon by the Magistrate Judge and district court demonstrate, plaintiff respectfully requests this court to overturn those prior rulings requiring payment of defendant's attorney fees (including billed time to defend the merits) and allow this case to proceed on the merits.

If plaintiff's conduct gives rise to attorney fees under Rule 41(d), then every voluntary dismissal and refiling will be sanctionable under this rule. Had plaintiff chosen to accept a court ruling, incurring additional judicial resources, which assuming *arguendo* would have been a 12(b)(6) dismissal under <u>Twombly</u>, plaintiff had the right to refile her complaint satisfying <u>Twombly</u>, which she did after the voluntary dismissal. The scenario occurs every day in the American legal landscape.

**Issue 2.** **Did the district court abuse its discretion in awarding any attorney fees to defendants, where defendants failed to comply with controlling authority and the orders of the district court when seeking an award of attorney fees and expenses?**

      A.    The District Court Allowed Costs Specifically <u>Disallowed By its Own Policies on Costs</u>.

The <u>Bill of Costs Handbook</u>, adopted February 10, 2003, for the United States District Court for the Western District of North Carolina specifically does <u>not</u> permit recovery as "costs" of attorney fees, computerized legal research, paralegal expenses, long-distance phone calls and fax charges. (<u>see</u>, § VI A, C, D, H, p. 12).

Exhibit "A" to plaintiff's motion for disallowance of costs (Aplt. A. at 161), sets out claims for computerized legal research, paralegal expenses, long-distance phone calls and fax charges, each highlighted in pink, that are not chargeable as costs. These are summarized below:

18

Travel time

Subsection (A), at 10/20/10

Travel expenses

| | |
|---|---|
| Subsection (A), at 10/21/10, Mileage | 287.00 |
| | x $0.50 |
| | $143.50 |

Paralegal fees[3]

Subsection (D):

06/24/10, VGK Drafted motion for extension of time to answer and
proposed order, telephone conference with clerk's office regarding same 0.75

09/27/10, VGK, Final review of reply brief, file and transmittal to client. 0.50

Computerized legal research charges

Subsection (C):

| | | |
|---|---|---|
| 06/28/10 | Legal Research – Westlaw or Other, 1.0 | $ 60.36 |
| 06/29/10 | Legal Research – Westlaw or Other, 1.0 | $ 44.77 |
| 07/14/10 | Legal Research – Westlaw or Other, 1.0 | $334.42 |
| 07/26/10 | Legal Research – Westlaw or Other, 1.0 | $ 25.05 |
| 07/27/10 | Legal Research – Westlaw or Other, 1.0 | $ 86.94 |
| 07/28/10 | Legal Research – Westlaw or Other, 1.0 | $101.10 |
| 10/31/10 | Legal Research – Westlaw or Other, 1.0 | $197.86 |

None of these charges are properly recoverable.

B.     Attorney Fees Must Be Detailed for Meaningful Review.

Defendants have failed to itemize an overwhelming amount of attorney fee

time they wish this court to award as costs.  Defendants have the burden of

---

[3]  Paralegal fees were billed at $95.00 per hour.

properly keeping a record of attorney time by segregating the attorney fees

incurred in "filing the motion to dismiss, preparing for the hearing, and attending

the hearing on this motion."  Gries v Zimmer, Inc., 795 F. Supp. 1379 (WD NC

1992):

> These are just two examples of numerous entries which do not identify the time spent on **attorneys' fees** (Parson's filing the motion to dismiss, preparing for the hearing, and attending the hearing on the motion) and the time spent on other matters included in the entry.
>
> Because the burden is on the party seeking the fee **award** to establish the reasonableness of the **hours** spent, _Hensley, [v. Eckerhart]_, 461 U.S. [424] at 437, 103 S.Ct. [1933] at 1941, 76 L.Ed.2d 40 (1983)], where it is necessary for the court to approximate because of counsel's **inadequate** record-keeping we consider it just so to do in favor of the party contesting the fee **award**. _Cf. id Spell v. McDaniel,_ 852 F.2d 762 at 768 (4th Cir. 1988).

Id. at 1387-88.  (parenthetical supplied) (emphasis in original).  See, also, Spell v.

McDaniel, 852 F.2d 762, 770 (4th Cir. 1988) (discussing "counsel's failure to

'make a good faith effort to exclude ... hours that are excessive, redundant, or

otherwise unnecessary,' (not involving filing the motion to dismiss, preparing for

the hearing, and attending the motion hearing) makes it impossible specifically to

pinpoint the exact hours which particular attorneys reasonably gave to particular

tasks.").  (parenthetical supplied) (citation omitted).

    Here, Defendant did not itemized and segregated the attorney fee time for

legal issues in the prior case involving the dismissal motion to dismiss, save and

except for a few specific entries shown on their bill of costs.  Further many matters

which are sufficiently itemized, *i. e.*, meetings with client, legal research regarding FLSA exemptions and defenses,  are not only separate and apart from the dismissal motion in the prior case, but will be applicable to trial proceedings in this on remand case.

The district court recognized that Defendants failed not only to comply with this Circuit's requirement of proper segregation of attorney time, but also the order of the Magistrate Judge to limit submission of time only relevant to briefing defendants' Motion to Dismiss, preparing for and attending the hearing thereon. (Aplt. A. at 187).  The district court found that:

> The Magistrate Judge <u>limited</u> the award of <u>attorney's</u> <u>fees</u> to those fees incurred in <u>briefing</u> <u>the</u> <u>motion</u> <u>to</u> <u>dismiss,</u> <u>preparing</u> <u>for</u> <u>the</u> <u>hearing</u> <u>thereon</u> <u>and</u> <u>attending</u> <u>that</u> <u>hearing</u>.  That ruling was upheld by the undersigned on reconsideration.  Despite that <u>explicit</u> <u>limitation,</u> the Defendants have submitted a Bill of Costs which includes all time spent by their attorneys in connection with the prior case in its entirety.  The Plaintiff correctly objected.

(Aplt. A. at 173).  (emphasis supplied & citations omitted).  Yet, despite this clear failure of the Defendant to present only those attorney fees as specified by the Magistrate, the district court took it upon itself to do Defendants' work and made an independent segregation of what the court believed to be responsive to the Magistrate Judge's order.

The district court then held that Plaintiff had not properly supported its calculation of those fees recoverable by the Defendants under the Magistrate's criteria, although Plaintiff had absolutely no obligation to do so, stating:

> The Court notes that in her motion to disallow, the Plaintiff claims the total of attorney's fees and costs should be limited to $7,000.00. [Doc. 48]. The memorandum of law submitted in support of that motion in no manner explains how the Plaintiff arrived at that figure and it is rejected based on the Court's review of the time records for attorney's services.

(Aplt. A. at 174). This finding is incorrect. Plaintiff did explain how, in the alternative, the court should view Defendants' time sheets by providing explicit color coding on Defendant's invoices,[4] and referencing and explaining the coding in her memorandum. (Aplt. A. at 157). For some reason, the district court rejected Plaintiff's detailed analysis of the claimed fees, yet allowed Defendants' defective submission which simultaneously violated the express instructions of Magistrate Judge Howell, failed to comply with 4th Circuit controlling law on attorney fee submissions and ignored the Western District of North Carolina's handbook on chargeable costs. The wrong party was sanctioned;[5] it should have been Defendant for failing to abide by the Magistrate Judge's order to limit his time claimed to

---

[4] Defendant's attorney's time sheets.
[5] That is to say, Defendant's motion under Rule 41(d) should have been denied as a sanction.

briefing defendants' motion to dismiss and for failing to follow 4th Circuit precedent by not properly segregating and itemizing attorney time.[6]

Further, because the district court did not itemize those fees it considered allowable under the Magistrate's criteria (Aplt. A. at 170), it is impossible to determine which entries the court considered allowable. Plaintiff and this court are left with guessing as to what specific fees were covered by the district court's order.

For this reason, if this court allows attorney fees to be imposed in this case, Plaintiff urges this court, in reviewing the district court's order, to re-examine the actual amount of attorney fees awarded by the district court. Defendants' motion to dismiss was based upon Twombly which deals with the sufficiency of Plaintiff's complaint as pled and filed. Defendants' legal research regarding FLSA exemptions, defenses and regulatory matters go to the merits of Plaintiff's claim and will be the same issues in this case.

Thus, the attorney time highlighted in yellow on Exhibit "A" (Aplt. A. at 161-69) is not recoverable as time spent on issues involving the dismissal motion.

---

[6] Besides not following the Magistrate Judge's order, defendant did not even respond to Plaintiff's motion to disallow costs (Aplt. A. at 152), which pointed out the glaring deficiencies under this Circuit's authority to segregate attorney time, and limit the time to the motion to dismiss, preparation for and the hearing thereon, again, a fact recognized by the district court, yet this failure was not enough to warrant summary denial of Defendant's motion to stay under Rule 41(d). See, Aplt. A. at 173 ("The Defendants have not responded to [plaintiff's] motion [to deny the Bill of Costs"]).

Or such time entries are not sufficiently <u>detailed</u> or <u>segregated</u> to permit a determination if such time were properly chargeable to the dismissal motion. For example, Parsons' entry of October 20, 2010 for seven hours of billable time is based upon travel time from Charlotte to Asheville and conference with client that are not recoverable under the Handbook as well as this court's prior ruling.

**CONCLUSION**

Rule 41(d) does not permit imposition of attorney fees as "costs" within its purview in this Circuit. In any event, it is clear that plaintiff's (or her counsels') conduct could not be considered to be vexatious. Actions that would be considered vexatious must be egregious and worthy of sanctions. The mere fact that plaintiff chose to voluntarily dismiss her case, in the face of the Magistrate Judge's warnings of dismissal and a possible M&R so stating, then to refile to cure a pleading defect, cannot in any way be considered vexatious. When compared to the cases cited by the Magistrate Judge and district court, plaintiff's conduct nowhere rises near the level of such behavior exhibited in those cases.

As for the alternate justification of forum shopping to escape unfavorable rulings and avoid deadlines, as cited in cases relied upon by the Magistrate Judge and the district court, plaintiff voluntarily refiled her FLSA action in the same District and, indeed, even the same Division.

24

Since plaintiffs have not participated in any conduct that could even remotely rise to the vexatious level cited and relied upon by the Magistrate Judge and district court, and since plaintiffs refiling of the same case in the same District and Division is clearly not forum shopping to avoid adverse rulings or deadlines, as the cases relied upon by the Magistrate Judge and district court demonstrate, plaintiff respectfully requests this court to overturn those prior rulings requiring payment of defendant's attorney fees (including billed time to defend the merits) and allow this case to proceed on the merits.

If plaintiff's conduct gives rise to attorney fees under Rule 41(d), then every voluntary dismissal and refiling will be sanctionable under this rule. Had plaintiff chosen to accept a court ruling, incurring additional judicial resources, which assuming *arguendo* would have been a 12(b)(6) dismissal under Twombly, plaintiff had the right to refile her complaint satisfying Twombly, which she did after the voluntary dismissal. The scenario occurs every day in the American legal landscape.

This court should reverse the order of the district court and remand this matter for the court to deny Defendants' motion for stay, pursuant to Fed. R. Civ. P. 41(d), and order Defendant to answer or otherwise respond to Plaintiff's complaint.

Plaintiff should be permitted to proceed with her FLSA collective action claim in the district court, unimpeded by defendant's claim for a Rule 41(d) stay until "costs" are paid.

## REQUEST FOR ORAL ARGUMENT

Appellant does not request oral argument.

**ERON LAW, P.A.**

s/ Joseph H. Cassell
Joseph H. Cassell, *pro hac vice*
KS Bar No.: 10861
229 E. William, Suite 100
Wichita, Kansas 67202
Telephone: (316) 262-5500
Facsimile: (316) 262-5559
e-mail: jhcassell@eronlaw.net

**ADAMS HENDON CARSON CROW & SAENGER, P.A.**

s/John C. Hunter
John C. Hunter
NC Bar No.: 13197
72 Patton Avenue
Asheville, N. Carolina 28801
Telephone: 828-252-7381
Fax: 828-252-5018
e-mail: jhunter@adamsfirm.com

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains [6208] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[ ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

[ ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: November 19, 2014          /s/ Joseph H. Cassell
                                  *Counsel for Appellees*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 19, 2014, I mailed a copy of the above

and foregoing Appellant's Brief by first class mail as follows:

Kenneth Hodges
P.O. Box 1051
Flat Rock, North Carolina 28731
Defendant, *pro se*

and eight copies by Federal Express to:

Clerk of the
U. S. Court of Appeals, Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

s/Joseph H. Cassell
Joseph H. Cassell